IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ROGER KING, | : |
|    Petitioner, | : |
| VS. | : **1 : 11-CV-54 (WLS)** |
| DANNIE THOMPSON, | : |
|    Respondent. | : |

**ORDER AND RECOMMENDATION**

Presently pending in this § 2254 action is Respondent's Motion to Dismiss this federal habeas Petition as untimely filed, and Petitioner's Motion to Direct Respondent to Comply. (Docs. 9, 11).

**Factual Background**

On October 10, 1991, Petitioner pled guilty to sale of cocaine, possession of cocaine with intent to distribute, and obstruction of an officer. Petitioner was sentenced to a twenty year "split" sentence, to serve six imprisoned and the balance on probation. Petitioner did not appeal his guilty plea conviction or sentencing.

On April 22, 2008[1], Petitioner filed his state habeas petition in the Superior Court of Lowndes County challenging the 1991 plea. (Doc. 16-1). After an evidentiary hearing was held, the petition was denied on October 2, 2009. (Doc. 16-4). Petitioner filed an application for a certificate of probable cause to appeal the denial, which was denied on November 22, 2010. (Doc. 16-5). Petitioner executed this federal habeas Petition on April 13, 2011. (Doc. 1).

*Motion to Dismiss (Doc. 9)*

Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty

---

[1] While the state habeas petition filed with the Court appears to be filed in March of 2009, both Petitioner and Respondent state that Petitioner filed his state habeas petition on April 22, 2008.

Act ("AEDPA").

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events.  Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review".  The Act further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d)(2).

In *Wilcox v. Florida Dep't. of Corrections*, 158 F.3d 1209 (11th Cir. 1998), the Eleventh Circuit established a one-year grace period for prisoners whose convictions became final prior to the AEDPA's effective date of April 24, 1996.  Thus, these prisoners were allowed one year, or until April 23, 1997, to file a federal habeas petition attacking their conviction.  *Id.*; *see also Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998).

Petitioner filed this habeas Petition challenging his October 10, 1991 guilty plea. Petitioner did not file a direct appeal of his guilty plea, making the judgment of conviction final on November 11, 1991[2], the date on which the 30-day period for filing a notice of appeal expired.[3]  As Petitioner's conviction became final prior to the passage of the AEDPA, Petitioner had until April 23, 1997 in which to file this federal Petition or toll the limitations period by properly filing an application for state post-conviction or other collateral review.  *Wilcox*, 158 F.3d at 1209.

Petitioner did not file his state habeas petition until April 22, 2008, which was about

---

[2]The thirty (30) day time period expired on Saturday, November 9, 1991, giving Petitioner until November 11, 1991 to file his appeal.

[3]Although Georgia law does not provide an absolute right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, had Petitioner wished to pursue a discretionary appeal, his appeal would have been governed by the thirty (30) day deadline set out in O.C.G.A. § 5-6-38.

eleven years after Petitioner's federal habeas period of limitations ran.  The tolling provision of § 2244(d)(2) therefore does not protect Petitioner.  *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011).

Petitioner asserts that his Petition is timely filed because his 1991 conviction was used to increase his sentence in a 2004 conviction; thus, Petitioner argues that he can now challenge the validity of his 1991 conviction. (Docs. 12-1, 15).  However,

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County District Attorney v. Coss*, 532 U.S. 374, 403-04, 121 S.Ct. 1567, 1574 (2001).  Petitioner's 1991 conviction become conclusively valid after he failed to timely pursue the remedies available to him.  Petitioner cannot file an untimely Petition regarding his 1991 conviction simply because it was used to enhance his sentence in his 2004 conviction.

As Petitioner did not file a habeas petition until more than one year after April 24, 1996, his federal habeas Petition is untimely.  Accordingly, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

### *Motion to Direct Respondent to Comply (Doc. 11)*

Petitioner filed this Motion requesting the Court order the Respondent to file copies of Petitioner's habeas corpus transcripts, the State's answer, Petitioner's motion for grant of relief, and the brief Petitioner filed with the Georgia Supreme Court.  Respondent requests the Court

deny this Motion as it is vague and overly broad, and because Petitioner is in a superior position to know what documents exist.  Respondent filed the documents which pertain to Petitioner's 1991 conviction and the threshold issue of timeliness.  (Doc. 16).  Additionally, no discovery shall take place in this action unless the Court provides express permission.  (Doc. 5, p. 2). Plaintiff has failed to provide the Court with a compelling reason to require the Respondent to file any additional documentation at this time.  Accordingly, Plaintiff's Motion to Direct Respondent to Comply is hereby **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 7th day of November, 2011.

s/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf